UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

SOUTH BROWARD HOSPITAL
DISTRICT, d/b/a Memorial Healthcare
System,

      Plaintiff,

v.

FLORIDA MHS, INC., d/b/a Magellan
Health Services, d/b/a Magellan Complete
Care; and MAGELLAN HEALTHCARE,
INC.,

      Defendants.

CASE NO.:

## DEFENDANT MAGELLAN HEALTHCARE, INC.'S NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendant, MAGELLAN HEALTHCARE, INC. ("MHI"), removes the above-entitled action filed by Plaintiff, SOUTH BROWARD HOSPITAL DISTRICT, d/b/a Memorial Healthcare System ("Plaintiff"), in the Circuit Court in and for Broward County, Florida, Case No. 062019CA011895AXXXCE to this Court pursuant to 28 U.S.C. § 1441. In support of removal, MHI respectfully alleges as follows:

    1.    28 U.S.C. § 1332 provides in pertinent part that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States."

    2.    28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the

defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

3. On or about June 4, 2019, Plaintiff filed a complaint in the Broward County Circuit Court entitled *SOUTH BROWARD HOSPITAL DISTRICT, d/b/a Memorial Healthcare System v. FLORIDA MHS, INC., d/b/a Magellan Health Services, d/b/a Magellan Complete Care and MAGELLAN HEALTHCARE, INC.*, Case No. 062019CA011895AXXXCE.

4. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b). The first date on which MHI was served with any process in this action was on June 12, 2019, when MHI was served with a notice of service of process, summons and complaint. Defendant FLORIDA MHS, INC. d/b/a Magellan Complete Care of Florida ("Complete Care")[1] was also first served with process on June 12, 2019, when Complete Care was served with a notice of service of process, summons and complaint. [Attached hereto as **Exhibit 1**[2] are true and correct copies of the documents served upon MHI; attached hereto as **Exhibit 2** are copies of the Notice of Service of Process for both MHI and Complete Care (collectively "Defendants")].

5. Defendants have not filed an answer or otherwise responded to the complaint, and no proceedings have been had in the Broward County Circuit Court. [Attached hereto as **Exhibit 3** is a copy of the entire state court file, which constitutes all pleadings, processes, orders and other papers served or filed in this matter].

## I. DIVERSITY JURISDICTION

This action is a civil action over which this court has original jurisdiction under 28 U.S.C. § 1332 and is one which may be removed to this Court by MHI pursuant to the provisions of 28

---

[1] Complete Care is improperly named in the Complaint as Defendant FLORIDA MHS, INC. d/b/a Magellan Health Services d/b/a Magellan Complete Care.

[2] Exhibits A and B are not included in Exhibit 1.

U.S.C. § 1441(a), in that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

**A. There is Complete Diversity Between Plaintiff and All Properly Joined Defendants.**

The Complaint alleges that Plaintiff "is an independent special tax district located in Broward County, Florida and a healthcare system that consists of hospitals, physicians, and outpatient facilities." [Compl. at ¶ 2]. Plaintiff is a special taxing district created by the Legislature of the State of Florida and, as such, is a subdivision of the State of Florida. *See* Fla. Stat. § 1.01(8) (defining "political subdivision" to include "special tax school districts"). As a subdivision of the State of Florida, Plaintiff has State of Florida citizenship for the purposes of diversity.

The Complaint further alleges MHI "is a Delaware corporation with its principal place of business in Maryland." [Compl. at ¶ 4]. The official records from the Florida Department of State Division of Corporations confirm MHI is a foreign for profit corporation incorporated in the State of Delaware with its principal place of business at 8621 Robert Fulton Drive, Columbia, MD 21046.[3] For the purposes of determining diversity, a corporation is deemed a citizen of both the state of its incorporation and the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). Thus, MHI is a citizen of both Delaware and Maryland.

The Complaint alleges that Complete Care is a "Florida Corporation, licensed by the Florida Office of Insurance Regulation as a Health Maintenance Organization ("HMO"), with its principal place of business in Maryland." [Compl. at ¶ 3]. However, as further set forth below,

---

[3]http://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquirytype=EntityName&directionType=Initial&searchNameOrder=MAGELLANHEALTHCARE%20F000000025811&aggregateId=forp-f00000002581-49f1d45e-adb6-42e3-a630-6cfe15a650d0&searchTerm=magellan%20healthcare%20inc.&listNameOrder=MAGELLANHEALTHCARE%20F000000025811.

Complete Care is fraudulently joined so its citizenship is irrelevant for determining diversity jurisdiction.

### B.  The Amount in Controversy Exceeds $75,000.

In the Complaint, Plaintiff seeks to recover damages as a result of Defendants' alleged improper claims processing practices. [Compl. at ¶ 1]. In regard to damages, Plaintiff specifically alleges that "[t]housands of claims for Covered Services have been improperly underpaid or denied," and, as a result, Plaintiff has "suffered millions of dollars in damages." [*Id*. at ¶¶ 39, 42].

Plaintiff further alleges that, prior to filing suit, it provided Defendants with a "spreadsheet of claims that it had improperly denied and underpaid." [*Id*. at ¶ 40]. Per Plaintiff's spreadsheet, the specific amount in dispute is in excess of six million dollars ($6,000,000.00).

### C.  Plaintiff's Attempt to Join Complete Care as a Non-Diverse Party is Fraudulent Because Plaintiff Does Not Have a Viable Cause of Action Against It.

"Fraudulent joinder" is a judicially-created doctrine that provides an exception to the requirement of complete diversity in three instances:

> (1) where there is no possibility that the plaintiff can prove a cause of action against the resident (non diverse) defendant; (2) where there is outright fraud in the plaintiff's pleading of jurisdictional facts; or (3) where a diverse defendant is joined with a non-diverse defendant as to whom there is no joint, several, or alternative liability *and* the claim against the diverse defendant has no real connection to the claim against the non-diverse defendant.

*Stone v. Zimmer, Inc.,* No. 09-80252-CIV, 2009 WL 1809990, at *2 (S.D. Fla. June 25, 2009) (emphasis in original) (citing *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.,* 204 F.3d 1069 (11th Cir. 2000)).

If a plaintiff names a non-diverse defendant solely to defeat federal diversity jurisdiction "a district court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to State Court." *Dasma Investments, LLC v. Realty Associates Fund III, LP*., 459 F. Supp. 2d 1294, 1300 (S.D. Fla. 2006) (citing *Henderson v. Washington Nat'l Ins. Co*., 454 F.3d 1278, 1281 (11th Cir. 2006)); *see also Brown v. Sunrise Senior Living Servs. Inc*., No. 09–60759–CIV, 2009 WL 2430900, at *2 (S.D. Fla. Aug. 7, 2009) ("A non-diverse party who is fraudulently joined does not destroy diversity"). "[A] federal court may [then] appropriately assert its removal diversity jurisdiction over the case." *Henderson*, 454 F. 3d at 1281.

In its Complaint, Plaintiff attempts to bring a claim for breach of contract against Complete Care.[4] Specifically, Plaintiff alleges Complete Care entered into a Letter of Agreement ("LOA") with Plaintiff, which it allegedly breached by engaging in "a pattern and practice of improper claims processing practices." [Compl. at ¶¶ 37, 50, 53 and Exh. B[5]]. However, Plaintiff's attempt to join Complete Care as a non-diverse party defendant for purposes of destroying diversity is fraudulent because Complete Care is not a contracting party to the LOA. [Attached hereto as **Exhibit 4** is a highly-redacted copy of the LOA]. Rather, Magellan Health Services ("MHS") is the contracting entity to the LOA. MHS is not a fictitious name of Complete Care.[6]

---

[4] Although both breach of contract claims are titled "Count I," MHI understands Plaintiff's breach of contract claim against Complete Care to be brought as Count II of the Complaint.

[5] Plaintiff did not include Exhibit B with its filing of the Complaint due to "trade secret and confidentiality concerns." [Compl. at n.2].

[6] Until 2017, Florida MHS, Inc. owned the fictitious name Magellan Complete Care. *See* http://dos.sunbiz.org/scripts/ficidet.exe?action=DETOWN&docnum=G12000006783&seq=0000 00001&format=C&name=FLORIDA%20MHS%2c%20INC%2e&rdocnum=G12000006783&rs

On June 19, 2014, MHS changed its name to Magellan Health, Inc.[7]  Accordingly, Magellan Health, Inc. is the real party in interest for any alleged breach of the LOA.[8]  The official records from the Florida Department of State Division of Corporations confirm Magellan Health, Inc. is a foreign for profit corporation incorporated in the State of Delaware with its principal place of business at 4800 N. Scottsdale Rd., Ste 4400, Scottsdale, AZ 85251.  Because Magellan Health, Inc. is a citizen of both Delaware and Arizona, complete diversity remains.

Complete Care's non-party status to the LOA means there is no basis for Plaintiff to assert that it was in privity with Complete Care, and Complete Care cannot be liable for breaching that agreement.  Stated differently, because Plaintiff's claim against Complete Care derives from the LOA, such claim must fail because Complete Care never agreed to be bound by the LOA.

Thus, based on the record evidence before this Court, there is no possibility that Plaintiff can prove a cause of action against Complete Care.  Plaintiff's efforts to fraudulently join Complete Care as a non-diverse party defendant do not destroy the diversity existent in this case.  Accordingly, this Court may appropriately assert its removal diversity jurisdiction over this

---

eq=000000001&rformat=C&rname=FLORIDA%20MHS%2c%20INC%2e. Florida MHS, Inc. currently owns the fictitious name Magellan Complete Care of Florida.  *See* http://dos.sunbiz.org/scripts/ficidet.exe?action=DETOWN&docnum=G14000109331&seq=000000001&format=C&name=FLORIDA%20MHS%2c%20INC%2e&rdocnum=G12000006783&rseq=000000001&rformat=C&rname=FLORIDA%20MHS%2c%20INC%2e.

[7] http://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquirytype=EntityName&directionType=Initial&searchNameOrder=MAGELLANHEALTHSERVICES%20F10000001 5820&aggregateId=forp-f10000001582-de1f9b78-0b04-4282-97ac-e5e34ab2c451&searchTerm=magellan%20health%20services&listNameOrder=MAGELLANHEALTHSERVICES%20F100000015820.

[8] Magellan Health, Inc. is the parent company of Defendant MHI.  *See* https://ir.magellanhealth.com/static-files/8e0ca31a-15f7-42c7-8672-79c7075aaef2  (2019 Form 10-K at Exh. 21).  To the extent the consent of Magellan Health, Inc. is necessary, Magellan Health, Inc. consents to the removal of this action.  [Attached hereto as **Exhibit 5** is Magellan Health, Inc.'s consent.]

action.

### III. CONCLUSION

WHEREFORE, MHI further gives notice that the above-entitled action, now pending against it in the Broward County Circuit Court in and for the State of Florida, has been removed therefrom to this Court.

Dated: July 10, 2019

By: /s/ *Jeannine Jacobson*
Jeannine C. Jacobson / FBN 58777
Latanae L. Parker / FBN 76591
ROBINSON & COLE LLP
777 Brickell Avenue, Suite 680
Miami, FL 33131
Telephone: 786-725-4111
Facsimile:  786-725-4121
E-mail: jjacobson@rc.com
           lparker@rc.com
*Counsel for Defendant MHI*

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2019, a true and correct copy of the foregoing has been served by electronic filing through the CM/ECF system, which will send notice to the parties to this litigation as follows:

Danya J. Pincavage, Esq.
Tony Halmon, Esq.
WOLFE PINCAVAGE
2937 SW 27th Ave., Suite 302
Miami, FL 33133
Tel: (786) 409-0800
Email:  danya@wolfepincavage.com
        tony@wolfepincavage.com

By:  /s/ *Jeannine Jacobson*