UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:19-cv-61699-KMM

SOUTH BROWARD HOSPITAL
DISTRICT, d/b/a/ Memorial Healthcare
System,

    Plaintiff,

v.

FLORIDA MHS, INC., d/b/a Magellan
Health Services, d/b/a Magellan Complete
Care; and MAGELLAN HEALTHCARE, INC.,

    Defendants.
_____/

### ORDER ON MOTION TO REMAND

THIS CAUSE came before the Court upon Plaintiff South Broward Hospital District d/b/a Memorial Healthcare System's ("Plaintiff") Motion to Remand and for Attorneys' Fees and Costs. ("Mot.") (ECF No. 17). Defendant Magellan Healthcare, Inc. ("MHI") filed a response in opposition. ("Resp.") (ECF No. 24). Plaintiff filed a reply. ("Reply") (ECF No. 27). The Motion is now ripe for review.

**I.    BACKGROUND**

On June 4, 2019, Plaintiff, a Florida citizen, filed a breach of contract action against MHI and Florida MHS, Inc. d/b/a Magellan Health Services, d/b/a Magellan Complete Care ("Complete Care") in the Seventeenth Judicial Circuit, Broward County, Florida. *See generally* Compl. (ECF No. 1–2). Plaintiff is a healthcare system that consists of hospitals, physicians, and outpatient facilities. *Id.* ¶ 2. Plaintiff is a citizen of the state of Florida. *See* Notice of Removal (ECF No. 1) at 3. Complete Care is a wholly-owned subsidiary of MHI and is licensed as an HMO in the state of Florida. Resp. at 2. Complete Care is a Florida corporation. *See* Florida Department of

Corporations for Florida MHS, Inc. (ECF No. 17–2). MHI is a Delaware corporation with its principal place of business in Maryland. Notice of Removal at 3. MHI arranges and pays for the provision of medical and behavioral healthcare services for its patients who are enrolled in Medicaid and certain commercial insurance products. Compl. ¶ 10.

Plaintiff alleges that Defendants breached their contract with Plaintiff by improperly processing claims, resulting in denied and underpaid claims for reimbursement of medical services and behavioral treatment that Plaintiff provided to patients insured by Defendants. *Id*. ¶ 1. The contract at issue covers behavioral health services and employed clinician services and the terms provide direction regarding the payment of claims, including the agreed upon rates. *See generally* Letter of Agreement ("LOA") (ECF No. 1–5). Plaintiff is a healthcare provider who furnished medical treatment to members of Defendants' insurance network pursuant to the LOA. Compl. ¶¶ 29, 34. The parties do not dispute that MHI and Plaintiff, as signors to the LOA, are bound by its terms. Resp. at 3. However, there is a dispute as to whether Complete Care is a party to the LOA. *Id.*

On July 10, 2019, Defendant MHI removed this action to federal court. *See* Notice of Removal. Therein, MHI asserts that Plaintiff fraudulently joined Complete Care, a Florida citizen, to destroy diversity jurisdiction. *Id.* at 3–4. On August 9, 2018, Plaintiff filed the instant Motion to Remand arguing that Complete Care was not fraudulently joined and requesting that the Court remand the action and award attorneys' fees and costs incurred as a result of the removal. *See* Mot. at 2.

## II.     LEGAL STANDARD

An action filed in state court may be removed to federal court based upon diversity or federal question jurisdiction. 28 U.S.C. § 1441(a). A district court may have original jurisdiction

2

where both "the matter in controversy exceeds the sum or value of $75,000" and the parties are "citizens of different States." 28 U.S.C. § 1332(a). "When a case is removed based on diversity jurisdiction . . . the case must be remanded to state court if there is not complete diversity between the parties, or if one of the defendants is a citizen of the state in which the suit is filed." *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011) (citations omitted). If, however, a non-diverse defendant is named solely to defeat federal diversity jurisdiction, the fraudulent joinder doctrine requires the district court to ignore the presence of the non-diverse defendant. *Henderson v. Wash. Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006).

To establish fraudulent joinder, "the removing party has the burden of proving [by clear and convincing evidence] that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Stillwell*, 663 F.3d at 1332 (citing *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997)) (alteration in original). In making a determination as to fraudulent joinder, "federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." *Id.* at 1333 (internal quotation marks omitted). The "plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate." *Id.* "All that is required are allegations sufficient to establish even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants." *Id.* at 1334 (citations omitted).

"To determine whether the case should be remanded, the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff." *Id.* at 1333. "Any ambiguity or doubt about

3

whether state law might impose liability on a resident defendant favors remand." *Florence v. Crescent Res., LLC*, 484 F.3d 1293, 1295 (11th Cir. 2007). Further, "if there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary." *Id*. at 1299 (citations omitted).

## III. DISCUSSION

### A. Fraudulent Joinder

Plaintiff argues that this case should be remanded to state court because Complete Care was properly joined as a defendant and, therefore, there is not complete diversity. Mot. at 2. First, Plaintiff argues that Complete Care is a party to the LOA and therefore Plaintiff has a claim for breach of contract. *Id.* at 3. Second, Plaintiff argues that even if Complete Care is not a party to the LOA, there are several alternative causes of action that Plaintiff could allege against Complete Care, such as breach of third-party beneficiary contract, breach of Florida's emergency services statute, Fla. Stat. § 641.513, and equitable claims. *Id*. at 6. In response, MHI argues that Plaintiff has no cognizable claims against Complete Care, either in breach of contract or the alternative causes of action. Resp. at 8–15.[1]

Plaintiff's factual allegations in the state court complaint are sufficient to support a possible claim for quantum meruit under Florida law.[2] To state a claim for quantum meruit, Plaintiff must

---

[1] MHI does not argue that Plaintiff has fraudulently pled jurisdictional facts with respect to Defendant Complete Care, and MHI does not dispute that Complete Care is a Florida citizen. Notice of Removal at 3–4. Accordingly, the second prong of the fraudulent joinder test is not at issue and need not be addressed by the Court.

[2] Because the Court finds that Plaintiff has an arguable claim for quantum meruit, the Court need not reach the question of whether Complete Care is a party to the contract and a breach of contract claim exists.

4

allege: "(1) the plaintiff has conferred a benefit on the defendant; (2) the defendant has knowledge of the benefit; (3) the defendant has accepted or retained the benefit conferred; and (4) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying fair value for it." *Merle Wood & Assocs., Inc. v. Trinity Yachts, LLC*, 857 F. Supp. 2d 1294, 1306–07 (S.D. Fla. 2012) (citations omitted).

Here, Plaintiff alleges that Plaintiff conferred a benefit to Complete Care by providing medical treatment to members of Complete Care's insurance network. Compl. ¶ 34. Further, Plaintiff alleges that Complete Care had knowledge of this benefit because Plaintiff submitted claims for reimbursement to Complete Care. *Id.* ¶ 35. Moreover, Plaintiff alleges that Complete Care retained the benefit because Complete Care improperly denied or underpaid these reimbursement claims. *Id.* ¶ 37. Finally, Plaintiff alleges it would be inequitable for Complete Care not to properly compensate Plaintiff for the underpaid and denied claims. *Id*. ¶¶ 36, 39. Taking these allegations in the light most favorable to Plaintiff, there is a possible cause of action against Complete Care for quantum meruit. *Merle Wood & Assocs.*, 857 F. Supp. 2d at 1306–07.

MHI has not made a substantive challenge to Plaintiff's factual allegations, but rather argues that a claim for quantum meruit fails as a matter of law because an express contract governs the dispute. Resp. at 14. In support of this argument, Defendant relies on *Walton Const. Co., LLC v. Corus Bank*, No. 4:10-CV-137-SPM-WCS, 2011 WL 2938366 (N.D. Fla. Jul. 21, 2011). However, the court in *Walton Construction* denied a motion to dismiss finding it permissible for a plaintiff to bring alternate claims under both implied and express contract theories. *See id.* at *4 (finding that a plaintiff can bring alternative claims of breach of contract and quantum meruit because the Federal Rules of Civil Procedure allow for alternate pleading). While Plaintiff will not be able to recover from Complete Care for both claims, inevitable recovery is not at issue.

5

Rather, the issue is what causes of action Plaintiff can possibly allege. *See Stillwell*, 663 F.3d at 1333. ("[P]laintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate."). Moreover, the federal court's inquiry is centered on possible causes of action based on the facts alleged, rather than on technical pleading requirements. *See Crowe*, 113 F.3d at 1539 (finding that even though a claim for nuisance was not expressly made in the complaint, the factual allegations underlying a claim for trespass were sufficient to support an *arguable* claim for nuisance); *see also Florence*, 484 F.3d at 1299 ("[I]f there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder was fraudulent."). Therefore, Defendant did not meet the heavy burden of showing, by clear and convincing evidence, that there is no possible cause of action for quantum meruit against Complete Care. *See Stillwell*, 663 F.3d at 1333.

Accordingly, the Court finds that Plaintiff has sufficiently alleged facts that may give rise to a valid cause of action against Complete Care for equitable relief under Florida law. Therefore, Plaintiff's joinder was not improper, and Complete Care's presence as a Defendant in the instant action deprives the Court of jurisdiction to hear this action. This matter is therefore REMANDED to the Seventeenth Judicial Circuit, Broward County, Florida.

### B.     Request for Attorneys' Fees and Costs

Plaintiff seeks attorneys' fees and costs incurred as a result of removal of this action. Mot. at 13. Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "An award of fees and costs under § 1447(c) is discretionary, but the court may only exercise its discretion where the removing party lacked an objectively reasonable basis for seeking removal."

*Siman v. Ocean Bank, N.A.*, No. 1:15-cv-24258-KMM, 2016 WL 739659, at *5 (S.D. Fla. Feb. 25, 2016) (citing *Martin v. Franklin Capital Corp.*, 146 U.S. 132, 141 (2005)). Fees should be denied when there is an objectively reasonable basis. *Martin*, 146 U.S. at 141. Here, while removal was ultimately unsuccessful, after a review of the record, the Court finds that it was not objectively unreasonable. Accordingly, Plaintiff's request for attorneys' fees and costs is DENIED.

### IV. CONCLUSION

UPON CONSIDERATION of the Motion, the Response, the Reply, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Plaintiff's Motion (ECF No. 17) is GRANTED IN PART AND DENIED IN PART as follows:

    A.    This case is REMANDED to the Seventeenth Judicial Circuit, Broward County, Florida.

    B.    Plaintiff's request for attorneys' fees and costs is DENIED.

    C.    The Clerk of the Court is instructed to CLOSE this case. All pending motions are denied as MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 16th day of October, 2019.

K. MICHAEL MOORE
UNITED STATES CHIEF DISTRICT JUDGE

c: All counsel of record